**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **FELIPE RIVAS TORRES,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**MARKWAYNE MULLIN, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-13190 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Felipe Rivas Torres, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Center, New Jersey ("Delaney Hall"). (ECF No. 1).

2. Petitioner is a citizen of Mexico. (ECF No. 1 ¶ 23). He entered the United States at an unknown place and time. (ECF No. 5-1 at 1).

3. Petitioner was detained by ICE on October 7, 2026. (ECF No. 1 ¶ 26).

4. A warrant and Notice to Appear were issued on October 8, 2026. (ECF Nos. 5-1, 5-2).

5. This Petition followed on October 9. 2026. (ECF No. 1).

6. On October 15, 2026, ICE made an initial custody determination concluding that Petitioner would be detained pursuant to 8 U.S.C. § 1226. (ECF No. 5-4 at 1).

7. Petitioner requested that an immigration judge review that determination. (*Id.*)

8. Respondents filed an answer on October 19, 2026 asserting that Petitioner was being detained pursuant to § 1226(a) and that a bond hearing had been requested but not yet scheduled. (ECF No. 5 at 2).

9. Petitioner later informed this Cour that a bond hearing was scheduled for October 29, 2026. (ECF No. 6 at 1). He requested that the proceedings remain open "until the custody hearing has taken place. Only after said hearing can Petitioner properly assess if he was provided with a fair and equitable assessment of his continued detention." (*Id.*)

10. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

11. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Second Petition. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

12. "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)); *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020) ("Detention during removal proceedings is a constitutionally valid aspect of the deportation process.")

13. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ...." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

14. Respondents concede that Petitioner is detained pursuant to § 1226 and have scheduled a bond hearing for Petitioner. That is the process to which Petitioner is entitled pursuant to § 1226.[1]

15. This Court will deny Petitioner's request to keep the proceedings open pending the bond hearing results. If the immigration judge denies bond, Petitioner will be "in custody" pursuant to a new order, meaning Petitioner must file a new habeas petition. However, this Court will keep the restrictions on Petitioner's transfer in place until the bond hearing has concluded.

16. Accordingly, the Petition will be dismissed without prejudice.

17. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: October 28, 2026

[1] This Court notes that ICE did not make its initial custody determination until eight days after Petitioner was detained and two days after this Court ordered Respondents to respond to the Petition. However, Petitioner has not challenged the delay in making the custody determination. (*See generally* ECF No. 6).